UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MIKE SETTLE,                          )
                                      )
        Plaintiff,                    )
                                      )      No. 3:15-cv-365-PLR-CCS
                                      )
v.                                    )
                                      )
BARACK OBAMA, *et al.*                )
                                      )
        Defendants.                   )

**MEMORANDUM AND ORDER**

The Court is in receipt of a pro se prisoner's civil rights complaint and an application to proceed *in forma pauperis*. Mike Settle, a prisoner confined in the Morgan County Correctional Facility ("MCCX") brings this civil rights complaint pursuant to 42 U.S.C. § 1983 against Barack Obama, U.S. Department of Justice, Theresa Weathers, and Jonathon Smith [Doc. 1]. Now before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2], Plaintiff's motion to appoint counsel [Doc. 3], Plaintiff's motion to amend/revise complaint [Doc. 4], and Plaintiff's motion to subpoena mental health records [Doc. 6].

**I.      Motion to Proceed in Forma Pauperis [Doc. 2]**

Plaintiff's application to proceed without prepayment of fees [Doc. 2] is **GRANTED**. Nonetheless, because Plaintiff is a prisoner, he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to the

Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the trust account custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350 has been paid to the Clerk's Office. *McGore,* 114 F.3d at 607.

Payments should be sent to: Clerk, USDC; 800 Market Street, Suite 130, Knoxville, Tennessee 37902. To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     Screening the Complaint

Under the Prison Litigation Reform Act of 1995 ("PLRA"), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

In screening this complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the

misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

For the purpose of screening the complaint in its entirety, the Court will first address Plaintiff's motion to amend the complaint [Doc. 4].

## III. Motion to Amend Complaint [Doc. 4]

Plaintiff seeks to amend his complaint to add three defendants to his case [Doc. 4].

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading "once as a matter of course" within twenty-one days after service or twenty-one days after service of a responsive pleading or a Rule 12(b)(e) or (f) motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)(B). The docket reflects the motion to amend was filed within the time limits set out in the Federal Rules, however, the Court finds that Plaintiff failed to comply with the Local Rules of the Eastern District of Tennessee. Local Rule 15.1 requires that "[a] party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion. Any amendment to a pleading…shall…reproduce the entire pleading as amended and may not incorporate any prior pleading by reference." E.D. Tenn. L.R. 15.1. Any amended complaint must be complete in itself without reference to his original complaint, as the original complaint

3

will be superseded by the amended complaint. In Plaintiff's amended complaint, the previously named defendants are not mentioned in the body of the document, but still named in the style.

However, the Court interprets Plaintiff's motion as a motion to file a supplement to his original complaint rather than a motion to amend. Fed. R. Civ. P. 15(d). The Court notes that pro se litigants' court submissions are to be construed liberally and held to a less stringent standard than submissions of lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1996). If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements. *Boag v. MacDougall*, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982).

Accordingly, Plaintiff's motion to amend is **GRANTED**, and Derrick Schofield, Douglas Stephens, and Bruce Westbrook are hereby added as defendants to the original complaint.

## IV. Plaintiff's Factual Allegations

### A. Original Complaint

Plaintiff originally filed suit against President Barack Obama, United States Department of Justice ("DOJ"), Theresa Weathers, and Jonathon Smith. In his complaint, Plaintiff claimed to be in imminent danger of serious physical and mental injury because he is denied the "'same' treatment" regarding access to legal documents and resources as federal prisoners" [Doc. 1 p. 4]. Specifically, Plaintiff claims that he is denied "appropriate resources" and "reasonable access" to federal materials and forms as a federal offender in state custody [*Id*.].

Plaintiff argues that the DOJ must provide "reasonable access to legal material and reasonable opportunity to prepare legal documents" [*Id*. at 5]. Plaintiff further argues that the

4

Case 3:15-cv-00365-PLR-CCS   Document 11   Filed 11/17/15   Page 4 of 13   PageID #: 190

DOJ must provide "'appropriate resources' for [P]laintiff['s] needs in state custody as a 'federal offender'" [*Id.*]. Plaintiff claims that "[f]reedom of information require[s] [the DOJ] to disclose 'pardon or commute' information to Plaintiff" [*Id.*]. In support thereof, Plaintiff cites to the "Freedom of Information Act" and states that the DOJ is required to "disclose[] 'pardon or commute' information to Plaintiff" to assist him in "preparing legal documents in state custody" [*Id.* at 6].

Moreover, Plaintiff complains that the library at M.C.C.X. does not have federal "pardon or commute" forms available to access [*Id.* at 9]. However, federal prisoners serving time in a federal penitentiary have access to all federal forms [Id.]. Plaintiff argues that he should be afforded the same treatment as a federal offender in state custody [*Id.* at 9].

Plaintiff requested by mail that Defendant Weathers send him any official documents for "pardon or commute" of his federal sentence [*Id.* at 6]. Plaintiff states that on January 28, 2011, Weathers denied him reasonable access to legal material necessary to "pardon or commute" his federal sentence [*Id.*].

Also, on October 22, 2014, Plaintiff alleges that Defendant Smith stated in a letter to Plaintiff that he is not authorized to address issues with federal facilities or federal officials [*Id.*].

Thereafter, Plaintiff wrote a letter to President Obama requesting to be pardoned from his federal sentence based on President Obama's "commute" of forty-six (46) non-violent federal inmate sentences on July 14, 2015 [*Id.* at 7]. Plaintiff argues that he should be treated the same as those pardoned federal prisoners even though his charge was classified as violent rather than non-violent [*Id.*]. Plaintiff argues that he was "victimized" because due to his violent classification he was not considered for pardon, and thus, discriminated against [*Id.*]. Plaintiff claims that he should be treated the same as all federal prisoners, and his conviction

5

classification should be irrelevant [*Id*.]. Plaintiff states that President Obama commuting only non-violent federal prisoner is unconstitutional because "prisoners are to be treated fairly and impartially by all federal personnel" [*Id*.].

Plaintiff argues that President Obama is not immune from his § 1983 allegations because the President has a duty to provide every federal prisoner with the same fair and impartial treatment regarding pardon or commuting sentences [*Id*. at 8]. Similarly, Plaintiff argues that Defendants Weathers and Smith are likewise not immune based on their employment at the DOJ because they failed to perform their duties placing Plaintiff in imminent danger of serious physical and mental injury [*Id*.].

Plaintiff maintains that he had no knowledge that he had a right to the same treatment as federal prisoners regarding access to legal forms until July of 2015, four years after the alleged wrongdoing [*Id*.]. Plaintiff argues that because he exercised reasonable care and diligence, the statute of limitations is tolled until the time he discovered he had this right of action [*Id*.].[1]

### B. Supplement to Original Complaint

Plaintiff supplemented his original complaint to add defendants Derrick Schofield, Douglas Stephens, and Bruce Westbooks [Doc. 4]. Defendant Schofield is the Commissioner of the Tennessee Department of Corrections. Defendant Westbrook is the Warden of the institution in which Plaintiff resides. Although not mentioned in Plaintiff's supplemental complaint,

---

[1] The one year statute of limitations period contained in Tenn. Code Ann. § 28-3-104(a)(1) applies to civil rights claims arising in Tennessee. *See, e.g., Jackson v. Richards Medical Co.*, 961 F.2d 575, 578 (6th Cir. 1992); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986); *Wright v. Tennessee*, 628 F.2d 949, 951 (6th Cir. 1980). A statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Friedman v. Estate of Presser*, 929, F.2d 1151, 1159 (6th Cir. 1991); *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991). A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Friedman*, 929 F.2d at 1159; *Dixon*, 928 F.2d at 215.

6

Case 3:15-cv-00365-PLR-CCS   Document 11   Filed 11/17/15   Page 6 of 13   PageID #: 192

through research the Court has identified Defendant Stephens as the Detainer Administrator at Tennessee Department of Corrections. Plaintiff argues that these three defendants have acted pursuant to a policy/custom that caused Plaintiff to be in imminent danger of serious physical and mental injury because they treated him differently from other state inmates when reviewing his recommendation for release from segregation and request to transfer [*Id*. at 2].

Plaintiff contends that on July 16, 2015, he made a request to members of the Interstate Corrections Compact ("ICC") to be transferred into federal custody [*Id*.]. Thereafter, on July 29, 2015, Defendants Schofield and Stephens informed Plaintiff that they only consider transferring an inmate when the inmate is a "security issue" and Plaintiff has not been classified as a security issue [*Id*. at 3]. Plaintiff alleges that he is in fact a security issue because he has been held in maximum custody for sixteen years and placed on the "Commissioner Alert List" [*Id*.]. Plaintiff argues that Defendants Schofield and Stephens' denial of Plaintiff's request to transfer into federal custody is "legal malpractice" because Plaintiff is classified as an inmate eligible for transfer in accordance with the ICC [*Id*.]. Specifically, "Plaintiff is challenging ICC procedures used by Defendant Stephens to determine [Plaintiff's] transfer to federal custody rather than the decision itself" [*Id*. at 4].

As to Defendant Westbrook, Plaintiff alleges that he did not provide Plaintiff with a copy of the "final decision" regarding Plaintiff's release from administrative segregation as is required by "Index #404.10(B)(3) [sic]" therefore violating Plaintiff's due process right [*Id*. at 4]. Also, Plaintiff alleges that Defendant Westbrooks failed to timely notify Plaintiff of board action or the date of that action to "defer 'custodial hearing'" [*Id*. at 5].

Plaintiff contends that on July 26, 2015, Defendants Westbrooks and Schofield subjected Plaintiff to "cruel and unusual punishment" by transferring him to M.C.C.X., as a means of

7

retaliation against Plaintiff for filing a complaint against prison staff [*Id.*]. Plaintiff notes that he was transferred to "supermax unit at M.C.C.X." but was denied transfer to a federal institution because he is not considered a security issue.[2] Plaintiff claims that his move to M.C.C.X. was purely retaliatory and that he has a right to be transferred to a federal facility for mental health care as was supported by the "Clinical Director Psychologist Diane Vendryes" [*Id.* at 6]. Plaintiff argues that Defendants Westbrooks and Schofield were aware of Plaintiff's mental illness and acted deliberately indifferent by placing him in solitary confinement [*Id.*].

As in his original complaint, Plaintiff argues that he is entitled to the same treatment and access to all the provisions of federal law and regulations as other federal offenders, even though Plaintiff resides in state custody [*Id.* at 6].

## V.     Defendants

The allegations against the DOJ fail to state a claim against a defendant acting under the color of state law. It is well-settled that, as an agency of the United States Government, the DOJ may not be subject to suit under § 1983 under the doctrine of sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002). Plaintiff's complaint against the DOJ is in effect a suit against the United States as the relief sought would in fact operate against the United States. *Id.* Absent an explicit waiver of sovereign immunity by statute, suits against the government or its agents must be dismissed. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

As to Defendants Weathers and Smith, Plaintiff alleges that they deprived him from accessing legal forms to pardon or commute his federal sentence [Doc. 1 p. 12]. Defendant

---

[2] In liberally construing Plaintiff's complaints, it appears Plaintiff is confused as to why he was sent to "supermax unit" since he was previously told that he is not considered a security issue. Plaintiff maintains that if he is not a security issue, he should be released from solitary confinement and not placed in "supermax unit" at M.C.C.X. [*Id.* at 6].

Weathers works in the Civil Rights Division of the DOJ.  She sent Plaintiff a letter on January 28, 2011 in reply to Plaintiff's correspondence to The Attorney General.  In the letter, Defendant Weathers explained that since Plaintiff is serving time for a state court conviction for a state offense, neither the President nor the Civil Rights Division of the DOJ has authority to grant him a pardon or commute his sentence.  Rather, the authority in such matter belongs to the Governor of the State of Tennessee in conjunction with the appropriate agencies of that state.  No other communication between Plaintiff and Defendant Weathers, other than this single letter written in 2011, is referenced in Plaintiff's complaint.

Defendant Smith also works in the Civil Rights Division of the DOJ as Chief of the Special Litigation Section.  Defendant Smith sent Plaintiff a letter on October 22, 2014 in what appears to be a response to a letter sent by Plaintiff.  The Court notes that the letter signed by Defendant Smith looks to be a standard letter sent in response to anyone who writes to the department.  Therein, Defendant Smith thanks Plaintiff for his letter and outlines issues covered by the Special Litigation Section.  Defendant Smith states that the Special Litigation Section only handles cases that arise from widespread problems that affect groups of people and do not assist with individual problems.  The letter continues to explain that the Special Litigation Section is unable to help recover damages or personal relief and will not assist in criminal cases, including wrongful convictions, appeals or sentencing.  No other communication is said to have occurred between Plaintiff and Defendant Smith other than this single standard letter written in 2014.

With respect to federal employees/officials, § 1983 generally "provides no remedy for deprivation of rights by federal officials acting under color of federal law." *Fluellen v. U.S. Dep't. of Justice Drug Enforcement Admin.*, 816 F.Supp. 1206, 1210 (1993).  Only "[w]hen a

9

non-state actor (which includes a federal agent) conspires with state officials to deprive an individual of his constitutional rights" will a § 1983 action lie against the non-state actor. *Id*. Plaintiff's complaint does not allege any conspiracy by Defendants Weathers and Smith with any state officials to deprive him of due process of law.

Apart from § 1983, federal actors may be subject to suit directly, in their individual capacity, for violation of constitutionally protected rights under the doctrine set forth in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[3] A *Bivens* suit must be filed against the federal officials in their individual capacities, as the suit would be barred under the doctrine of sovereign immunity if they were sued in their official capacities. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *Ecclesiastical Order of The Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988) (per curiam). However, even if the Court interprets Plaintiff's allegations as such, Plaintiff's purported claims against Defendants Weathers and Smith fail to state a claim upon which relief may be granted. Both Defendant Weathers and Smith sent a letter to Plaintiff, acting in their official capacity as employees of a federal agency.

As to Defendant President Obama, Plaintiff alleges that he violated Plaintiff's constitutional rights by treating him differently than non-violent federal inmates and refusing to pardon his federal sentence. The Supreme Court "recognize[s] absolute Presidential immunity from damages and liability for acts within the 'outer perimeter' of [the President's] official responsibility." *Nixon v. Fitzgerald*, 457 U.S. 731, 756-57 (1982). Therefore, claims against Defendant Obama for monetary damages would be dismissed.

---

[3] A *Bivens*-type suit may only be filed against federal officials, and not against federal agencies, even if the agency has waived its sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994) (logic of *Bivens* does not support extending its doctrine to the agencies of the United States).

Furthermore, the Supreme Court has explained a "[d]istrict [c]ourt's grant of injunctive relief against the President himself is extraordinary, and should [] raise [] judicial eyebrows." *Franklin v. Mass.*, 505 U.S. 788, 802 (1992). Specifically, "the prospect of this Court issuing an injunction against the President [generates] serious separation of powers concerns." *See Newdow v. Bush*, 355 F. Supp. 2d 265, 280-82 (D.C. 2005) (declining to carve an exception to Presidential immunity "where [the President] is claimed to have violated the Constitution"). Indeed, this Court generally lacks "jurisdiction . . . to enjoin the President in performance of his official duties." *Mississippi v. Johnson*, 71 U.S. 475, 500 (1866); *see also Franklin*, 505 U.S. at 803; *Swan v. Clinton*, 100 F.3d 973 (D.C. Cir. 1996). The power of a president to pardon is completely discretionary and limited only in cases of impeachment. *See* U.S. Const., amend. II, § 2.

Therefore, this Court finds that Plaintiff's allegations against the DOJ, Theresa Weathers, Jonathon Smith and President Obama should be **DISMISSED** pursuant to § 1915(e)(2)(B)(iii).

## VI. Claims

Transfers and prison assignments are functions wholly within the discretion of the prison authorities. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). For example, inmates do not have a liberty interest in remaining free from discretionary transfers to less agreeable prisons. *Meachum*, 427 U.S. at 225. Inmates have no right to be housed in a particular institution or a particular part of an institution. *See Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986).

However, Plaintiff does have a right arising from the First Amendment to file complaints and grievances against prison officials without retaliation for perceived misconduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Any action taken in retaliation for the exercise

11

of his right "is itself a violation of the Constitution." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Thus, alleged misconduct by a prison official in retaliation for the filing of a complaint or grievance is actionable under 42 U.S.C. § 1983. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

To establish a viable First Amendment retaliation claim, Plaintiff bears the burden of pleading and proving (1) that he was engaged in protected conduct; (2) that he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected activity; and (3) the adverse action was motivated at least in part by the protected conduct. *Thaddeus-X*, 175 F.3d 394; *Smith*, 250 F.3d 1037.

The Court finds that Plaintiff has provided no evidence to suggest a retaliatory animus on the part of Defendants Schofield, Stephens, or Westbrooks. Plaintiff has alleged that Defendants transferred him to M.C.C.X., as a means of retaliation against Plaintiff for filing a complaint against prison staff. He has offered nothing, however, in the way of factual support for this claim. He simply claims retaliation based upon his belief that Defendants intended to punish him for his actions. The Court finds that there is no evidence of retaliatory motive beyond Plaintiff's conclusory assertions. Accordingly, Plaintiff's allegations of retaliatory actions taken by Defendants are **DISMISSED** for failure to state a claim upon which relief may be granted along with Plaintiff's complaints that he should be housed in a federal institution.

### VII.     Conclusion

Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is well-taken and is **GRANTED**. Also, Plaintiff's motion to amend complaint [Doc. 4] is liberally interpreted by the Court as a motion to supplement Plaintiff's original complaint and is **GRANTED**.

12

Based on the foregoing, this Court finds that Plaintiff's contentions fail to state § 1983 claims against any of the Defendants. Therefore, this case will be **DISMISSED** sua sponte in its entirety against all named Defendants, under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Accordingly, Plaintiff's motion to appoint counsel [Doc. 3], and Plaintiff's motion to subpoena mental health records [Doc. 6] are **DENIED as moot**.

The Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and hereby **CERTIFIES** that any appeal from this decision would not be taken in good faith. *See* Fed. R. App. P. 24(a).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Settle, he has more than three dismissals[4] of cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S.Ct. 1759, 1763-64 (2015).

    **AN APPROPRIATE ORDER WILL ENTER.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**

---

[4] See *Settle v. Tennessee Department of Corrections, et al.*, No. 11-00567-TWP-HBG (E.D. Tenn.), which was dismissed for failure to state a claim on April 18, 2012; and *Cole (a.k.a. Settle) v. Corrections Corporation of America, et al.*, No. 10-01303-JDT-EGB (W.D. Tenn.), which was dismissed for failure to state a claim on August 26, 2011, and *Settle v. United States Postal Office, et al.*, No. 14-cv-2559-JDT-TMP (W.D. Tenn.), which was dismissed for failure to state a claim on September 9, 2015.